**GOLDBERG SEGALLA LLP**
**Marci Goldstein Kokalas**
1037 Raymond Boulevard, Suite 1010
Newark, New Jersey 07102
T: (973) 681-7000
F: (973) 681-7101
mkokalas@goldbergsegalla.com
*Attorneys for Plaintiff,*
*Scottsdale Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>VILLAS AT HARBOR ISLAND CONDOMINIUM ASSOCIATION, INC., VILLAS AT HARBOR ISLAND, BARRY GILLMAN, CAROLYN GILLMAN, DOROTHY MANDELL, URBAN BUILDING EVALUATIONS INC., RICHARD ROWLAND, and ELIZABETH ROWLAND,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned attorneys, sets forth the following in support of its Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201:

**THE PARTIES**

1. Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

2. Defendant Villas at Harbor Island Condominium Association, Inc. ("the Association") is a New Jersey corporation, with its principal place of business in Long Branch, New Jersey.

3. Defendant Villas at Harbor Island ("Villas") is a New Jersey entity, with its principal place of business in Long Branch, New Jersey (Villas and the Association will be referred to collectively as "Villas").

4. Defendant Barry Gillman ("Mr. Gillman") is an individual who, at all times relevant, resided at 12 Waterview Avenue, Long Branch, New Jersey.

5. Defendant Carolyn Gillman ("Ms. Gillman") is an individual who at all times relevant, resided at 12 Waterview Avenue, Long Branch, New Jersey.

6. Defendant Dorothy Mandell ("Mandell") is a New Jersey citizen with a business address of 1 Willow Pond Drive, Howell, New Jersey.

7. Defendant Urban Building Evaluations, Inc. ("UBE") is a New Jersey corporation with a principal place of business in Howell, New Jersey.

8. Defendant Richard Rowland ("Mr. Rowland") is a New Jersey citizen who resides in Red Bank, New Jersey.

9. Defendant Elizabeth Rowland ("Ms. Rowland") is a New Jersey citizen who resides in Red Bank, New Jersey. (Mr. Rowland and Ms. Rowland may be referred to collectively as "the Rowlands" or "Underlying Plaintiffs").

10. The Rowlands are named as defendants in this lawsuit because of their status as interested parties to the instant declaratory judgment proceedings and so that they will be bound by all orders, judgments, and rulings entered in this matter.

**JURISDICTION AND VENUE**

11. The District Court has original jurisdiction over this proceeding because it is a civil action between citizens of different states, where the amount in controversy exceeds $75,000, in accordance with 28 U.S.C. § 1332(a)(1).

12. For purposes of citizenship, Scottsdale is deemed a citizen of either Ohio or Arizona.

13. Further, for purposes of citizenship, Villas, the Gillmans, Mandell, UBE, and the Rowlands are each citizens of New Jersey. Therefore, there is complete diversity between plaintiff and the defendants.

14. Since this proceeding is a declaratory judgment action commenced under 28 U.S.C. § 2201, the limits of the liability coverage potentially available under the Scottsdale policy at issue for the underlying tort liability claims asserted by Mr. and Ms. Rowland against Villas, the Gillmans, Mandell, and UBE in the civil lawsuit pending in the New Jersey Superior Court, Monmouth County under docket no. MON-L-2366-23 (the "Underlying Action"), determines the amount in controversy for purposes of 28 U.S.C. § 1332(a)(1), and those limits exceed $75,000. *See, e.g., Russ v. Unum Life Ins. Co,*, 442 F. Supp.2d 193, 198 (D.N.J. 2006); *Liberty Mut. Ins. Fire Ins. Co. v. Yoder*, 112 Fed. Appx. 826 (3d Cir. 2004).

15. Additionally, in the Underlying Action, Mr. Rowland alleges that he was caused to fall and sustain severe and permanent injuries, undergo great pain and suffering, was forced to seek medical aid and attention, was prevented from attending his usual activities, and was left with injuries that will, in the future, cause him to suffer pain, require medical treatment, and will incapacitate him, which, alleged damages, if proven, upon information and belief, exceed $75,000.

16. Because the damages alleged in the Underlying Action, if proven, would, upon information and belief, exceed $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

17. Venue is proper before the District Court pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the Rowlands' claims in the Underlying Action against Villas, the Gillmans, Mandell, and UBE occurred in this judicial district, and the

Underlying Action is pending within this District.

## FACTUAL BACKGROUND

### A. The Underlying Action

18.     On or about July 28, 2023, Underlying Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division Monmouth County, under docket number MON-L-2366-23 against Villas and the Gillmans for injuries allegedly sustained on or about August 5, 2021 (the Underlying Action").

19.     In the Underlying Action, the Underlying Plaintiffs claim that on August 5, 2021, Mr. Rowland was lawfully on the premises of 12 Waterview Avenue, Long Branch, New Jersey, located within the Villas at Harbor Island Condominium community, when he allegedly was caused to fall and sustain severe and permanent injuries.

20.     On October 28, 2025, Underlying Plaintiffs filed an Amended Complaint in the Underlying Action including Mandell and UBE as defendants.

21.     The Amended Complaint in the Underlying Action alleges that each of the defendants in the Underlying Action owed a duty to Underlying Plaintiffs to use reasonable care in the management, ownership, control, operation, use and/or maintenance of the premises so that the premises would be reasonably safe and free of any and all dangerous conditions capable of causing injury to those persons lawfully on the premises.

22.     The Amended Complaint in the Underlying Action alleges that each of the defendants in the Underlying Action breached this duty to the Underlying Plaintiffs, proximately causing their injuries.

### B. The Scottsdale Policy.

23.     Scottsdale issued policy number CPS7401143 to Villas at Harbor Island Condo for the period July 13, 2021 to July 13, 2022 (the "Scottsdale Policy" or the "Policy").

24. The Scottsdale Policy contains a commercial general liability coverage part (the "CGL Coverage Part") which provides, subject to its terms, conditions, limitations, and exclusions, commercial general liability coverage with a limit of $1 million per occurrence and $2 million in the general aggregate.

25. The CGL Coverage Part generally provides, subject to the Policy's terms, conditions and exclusions, that Scottsdale will pay those sums that the insured becomes legally obligated to pay because of "bodily injury" to which this insurance applies.

26. The Policy also contains an Additional Insured – Condominium Unit Owners Endorsement (CG 20 04 11 85), which provides that Section II – Who Is An Insured of the Policy is "amended to include as an insured each individual unit owner of the insured condominium, but only with respect to liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit owner's exclusive use or occupancy."

27. The Policy also contains the Injury to Employee And Worker Exclusion Endorsement (GLS-328s (11-20)), which provides, *inter alia*, that the Policy does not apply to "bodily injury to any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured . . . if such bodily injury arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether it is caused in part by" Villas.

28. The Injury to Employee and Worker Exclusion Endorsement also provides that the Policy does not apply to bodily injury to any "worker", with "worker being defined as "any person performing duties directly or indirectly related to the conduct of any business, regardless of the person or organization responsible for hiring, retaining, employing, furnishing or directing the worker."

### C.     Scottsdale's Coverage Position Letters

29.     After receiving notice of the Underlying Action, by letter dated September 6, 2023, Scottsdale offered to defend Villas in the Underlying Action subject to a full and complete reservation of all of Nationwide's and Scottsdale's rights under the Policy, at law, and in equity.

30.     Villas accepted Nationwide's offer of a defense subject to this reservation of rights, and the law firm Wilson, Elser, Moskowitz, Edelman & Dicker has been defending Villas in the Lawsuit.

31.     Subsequently, discovery in the Underlying Action confirmed that Mr. Rowland, who owns a contracting business, was retained by the Gillmans as a contractor to perform work at their residence.

32.     Discovery further revealed that Mr. Rowland alleges to have slipped and fell on the walkway that is shared by the Gillmans and their next-door-neighbor.

33.     As a result, there is no coverage available to Villas for the Underlying Action pursuant to the Injury to Employee And Worker Exclusion Endorsement.

34.     By letter dated October 1, 2025, Scottsdale advised Villas that due to the application of the Injury to Employee And Worker Exclusion Endorsement, Scottsdale would not indemnify Villas for any damages, settlements, judgments, verdicts, awards, relief, remedies, or sums of any kind in connection with, or arising out of the Underlying Action, but would continue to provide Villas with a gratuitous, courtesy defense, subject to a reservation of rights and disclaimer of indemnity.

35.     By letter dated November 19, 2025, Scottsdale disclaimed coverage to Mandell and UBE pursuant to the Injury to Employee And Worker Exclusion Endorsement.

**COUNT ONE**
**(Declaratory Judgment that the Gillmans Qualify as Insureds Under the Policy)**

36. Scottsdale repeats and re-alleges its allegations in paragraphs 1 through 35 of its Complaint as if set forth at length herein.

37. Mr. Rowland's alleged injuries resulted from a trip and fall on the walkway shared by the Gillmans and their next-door neighbor.

38. Because the alleged injuries arise out of the "ownership, maintenance or repair of that portion of the premises which is not reserved for that unit owner's exclusive use of occupancy," the Gillmans qualify as insureds under the Policy pursuant to the Additional Insured – Condominium Unit Owners Endorsement, but only with respect to liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit owner's exclusive use of occupancy.

39. Therefore, because there is an actual controversy between the parties regarding their respective rights and obligations under the Scottsdale Policy with regard to the Underlying Action, pursuant to 28 U.S.C. § 2201, Scottsdale is entitled to a declaration from the Court that the Gillmans qualify as insureds under the Policy pursuant to the Additional Insured – Condominium Unit Owners Endorsement, but only with respect to liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit owner's exclusive use of occupancy.

40. By entering a declaratory judgment in favor of Scottsdale, the Court would terminate the controversy regarding the rights and obligations of the parties under the Scottsdale Policy's CGL Coverage Part with regard to the Underlying Action.

## COUNT TWO
**(Declaratory Judgment Regarding Application of Injury to Employee and Woker Exclusion Endorsement)**

41.     Scottsdale repeats and re-alleges its allegations in paragraphs 1 through 40 of its Complaint as if set forth at length herein.

42.     Mr. Rowland's alleged injuries occurred when he fell outside of the Gillmans' residence, in connection with contracting work he was hired to perform by the Gillmans, *i.e.* Policy insureds.

43.     Accordingly, because Mr. Rowland was allegedly injured while working in his capacity as a contractor hired by the Gillmans, coverage is barred pursuant to Endorsement GLS-328s – Injury To Employee and Worker exclusion, which excludes coverage for "bodily injury" to "any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured … if such 'bodily injury'…arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether it is caused in part by [Villas]".

44.     Alternatively, Endorsement GLS-328s - Injury To Employee And Worker Exclusion also excludes coverage for "bodily injury" to any "worker" whether Villas may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

45.     The term "worker" is defined as "any person performing duties directly or indirectly related to the conduct of any business, regardless of the person or organization responsible for hiring, retaining, employing, furnishing or directing the worker."

46.     Therefore, because Mr. Rowland was performing work related to his contracting business when he was allegedly injured, Mr. Rowland qualifies as a "worker," as that term is defined by this endorsement, and for this additional reason coverage for the Underlying Action is barred by Endorsement GLS-328s.

47. Therefore, because there is an actual controversy between the parties regarding whether and to what extent there is or may be coverage under the Scottsdale Policy for the Underlying Action, pursuant to 28 U.S.C. § 2201, Scottsdale is entitled to a declaration from the Court that there is no coverage available to Villas, the Gillmans, Mandell, UBE, and/or any other person or entity pursuant to the Injury to Employee and Worker Exclusion.

48. By entering a declaratory judgment in favor of Scottsdale, the Court would terminate the controversy regarding the rights and obligations of the parties under the Scottsdale Policy with regard to the Underlying Action.

## PRAYER FOR RELIEF

**WHEREFORE,** Scottsdale respectfully requests judgment and relief as follows:

A. A judicial declaration that the Gillmans qualify as "insureds" under the Policy pursuant to the Additional Insured – Condominium Unit Owners Endorsement;

B. A judicial declaration that, notwithstanding the foregoing, there is no coverage available for Villas, the Gillmans, Mandell, UBE, and/or any other person or entity pursuant to the Injury to Employee and Worker Exclusion;

C. A judicial declaration that Scottsdale has no duty to defend or obligation to indemnify Villas, the Gillmans, Mandell, UBE, and/or any other person or entity for the Underlying Action under the Policy;

D. An award of Scottsdale's reasonable attorneys' fees and costs of suit, and

E. Such other relief as this Court deems just, proper, and equitable.

**GOLDBERG SEGALLA LLP**
*Attorneys for Plaintiff,*
*Scottsdale Insurance Company*

By:   /s/ *Marci Goldstein Kokalas*
MARCI GOLDSTEIN KOKALAS

Dated: February 20, 2026